UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:17-CV-00013 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| RYAN ZINKE, *et al.*, | ) | [Re: Motion at doc. 89] |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALASKA WILDLIFE ALLIANCE, *et al.*, | ) | |
| | ) | |
| Intervener-Defendants. | ) | |
| | ) | |
| SAFARI CLUB INTERNATIONAL, | ) | |
| | ) | 3:17-cv-00014 JWS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RYAN ZINKE, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALASKA WILDLIFE ALLIANCE, *et al.*, | ) | |
| | ) | |
| Intervener-Defendants. | ) | |

| | ) | |
|---|---|---|
| ALASKA PROFESSIONAL HUNTERS ASSOCIATION, *et al.*, | ) ) ) | 3:17-cv-00026 JWS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| ALASKA WILDLIFE ALLIANCE, *et al.*, | ) ) | |
| Intervener-Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 89, proposed intervener Ronald T. West ("West") moves for relief from the court's decision denying his request at docket 61 to intervene in this case. West's motion is brought pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6). The court's order is at docket 72, and a judgment holding that West may not intervene is at docket 82.

## II. BACKGROUND

The plaintiff in Case No. 3:17-cv-013 is the State of Alaska ("State"). In its complaint the State seeks declaratory and injunctive relief directed at a rule promulgated by the National Park Service restricting hunting and trapping within National Park System Preserves in Alaska and a rule promulgated by the Fish and Wildlife Service restricting hunting and trapping in National Wildlife Refuges in Alaska.

The plaintiff in Case No. 3:17-cv-014 is Safari Club International ("Safari"). Safari's complaint is directed at the same federal rules challenged by the State and also at a refuge specific rule promulgated by the Fish and Wildlife Service applicable to the Kenai National Wildlife Refuge. In Case No. 3:127-cv-026, the Alaska Professional Hunters Association, *et al.* ("Hunters") challenge the same regulations targeted by the State in its lawsuit. The three cases were consolidated. Case No. 3:17-cv-013 is the lead case. Numerous conservation groups sought leave to intervene pursuant to Fed. R. Civ. P. 24 seeking to defend the rules challenged in the three complaints. The court granted them leave to intervene in an order at docket 54.

### III. DISCUSSION

West filed a motion to intervene at docket 61, which was supported by his affidavit at docket 62, but which was not accompanied by a proposed pleading setting out West's claim or defense. His motion was opposed by all three plaintiffs, the defendants, and the intervener-defendants. After reviewing the parties' papers, it was evident to the court that there was no merit in West's motion. The court's order at docket 72 denying West's motion was crafted in an effort to spare judicial resources by incorporating as its rationale the arguments and authorities cited in the Federal Defendants' opposition at docket 66.

The motion at docket 89 is brought pursuant to Fed. R. Civ. P. 60(b)(1 and 60(b)(6). Rule 60(b)(1) provides that relief may be awarded where there has been "mistake, inadvertence, surprise or excusable neglect." West argues that one or more of these conditions inheres in his belief that the other parties agreed that he had until July 19, 2017, in which to file an opposition to the pending defense motion to dismiss

3

and the various excuses he advances to show why he did not file an opposition by that date. However, even if there were assent by the other parties to a date for West's filing an opposition, and even if his failure to do so was the result of inadvertence, mistake or excusable neglect, that has no bearing on West's motion to intervene. That motion was defective, not because West had failed to file an opposition to the defense motion to dismiss, but because his motion was not "accompanied by a **pleading** that sets out the claim or defense for which intervention is sought."[1] Motion papers are not pleadings. Pleadings are limited to complaints and answers.[2] West was obligated to lodge a proposed pleading with his motion to intervene. He did not do so.

Rule 60(b)(6) provides that relief may be awarded for any reason that justifies relief. West has not presented a viable reason. In addition to his failure to comply with Rule 24(c), the issues he wants to litigate cocern the rules that the State of Alaska should adopt or follow with respect to the State's own management of wildlife. As West puts it: "West's argument is the State of Alaska must follow certain rules when it considers Intensive Game Management. It must use the same definition of sustained yield in AS 16.05.205 for predators."[3] There is nothing in his papers which explains what his interest may be in supporting or opposing the particular federal rules which are the subject matter of this litigation. West's reliance on *Wilderness Society, et al. v. U.S.*

---

[1] Fed. R. Civ. P. 24(c) (emphasis added).

[2] Fed. R. Civ. P. 7(a).

[3] Doc. 90 at p. 3.

4

*Forest Service, et al.*[4] is inapposite.  That case did not deal with a motion to intervene which failed to comply with Fed. R. Civ. P. 24(c), nor did it concern an attempt to intervene by a party whose concern was not germane to the existing litigation.  Rather, it addressed and reversed the so-called "federal defendant" rule which prohibited both private parties and local governments, "from intervening of right on the merits of claims brought under the National Environmental Policy Act of 1969."[5]

### IV.  CONCLUSION

For the reasons above, the motion at docket 89 is **DENIED**.

DATED this 22nd day of August 2017.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[4] 630 F.3d 1173 (9th Cir. 2011) (en banc).  West ascribes an erroneous citation to the case in his memorandum.

[5] *Id.*, 630 F.3d at 1176.