**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA,<br><br>        Plaintiff,<br>vs.<br><br>RYAN ZINKE, in his official capacity as Secretary of the U.S. Department of the Interior, et. al.,<br><br>        Federal Defendants,<br><br>And<br><br>ALASKA WILDLIFE ALLIANCE, et al.,<br><br>        Intervenor-Defendants.<br>_____<br>SAFARI CLUB INTERNATIONAL,<br><br>        Plaintiff,<br>vs.<br><br>RYAN ZINKE, in his official capacity as Secretary of the U.S. Department of the Interior, et al.,<br><br>        Federal Defendants,<br><br>and<br><br>ALASKA WILDLIFE ALLIANCE, et al., | **Case No. 3:17-cv-00013-SLG**<br><br>Consolidated with Case Nos.<br>3:17-cv-00014-SLG and<br>3:17-cv-00026-SLG |

| |
|---|
| Intervenor-Defendants. |
| ALASKA PROFESSIONAL HUNTERS ASSOCIATION, et al., |
| Plaintiffs, |
| vs. |
| U.S. DEPARTMENT OF THE INTERIOR, et al., |
| Federal Defendants, |
| and |
| ALASKA WILDLIFE ALLIANCE, et al., |
| Intervenor-Defendants. |

## ORDER RE MOTION TO SUPPLEMENT

Before the Court is the State of Alaska's Motion to Supplement Administrative Record, the Federal Defendants' Opposition, Alaska Wildlife Alliance, et al.'s Joinder to the Federal Defendants' Opposition and the Reply.[1] The State seeks to supplement the administrative records of the National Park Service and the Fish and Wildlife Service by adding transcripts of Alaska Board of Game hearings and other documents from the Alaska Board of Game that relate to the taking of predators. The State describes the

---

[1] Docket 110 (Mot. to Suppl.); Docket 113 (Opp.); Docket 117 (Opp.); Docket 119 (Reply).

3:17-cv-00013-SLG, *SOA, et al. v. Zinke, et al.*
Order re Motion to Supplement
Page 2 of 4

other documents as "including proposals, reports, and written public comments."[2] The State maintains such supplementation is warranted because the federal agencies have asserted that their regulations "were prompted by actions taken by the Alaska Board of Game."[3] Thus, the State maintains that the Board of Game's records were indirectly considered by the federal agencies and "are necessary to properly review whether the NPS and FWS acted reasonably."[4]

Supplementation of an agency record is permitted "(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter."[5] Here, the State maintains that the proposed supplementation is needed "to explain the agency's action" and because "it appears that the agency has relied on documents or materials not included in the administrative record."[6]

For the following reasons, the motion to supplement will be denied. A motion to supplement the administrative record with certain items must be "supported by concrete evidence that these items were directly or indirectly considered by the agency."[7] The

---

[2] Docket 111 (Memo. in Supp. Mot. to Suppl.) at 5.

[3] Docket 111 at 3, 3 n.2 (quoting FWL004421).

[4] Docket 119 at 3.

[5] *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004) (citation omitted).

[6] Docket 119 at 4, 5. The State relied on the Ninth Circuit's decision in *In re United States*, 875 F.3d 1200 (9th Cir. 2017), which had held that documents considered by subordinates within an agency should be included in an administrative record. The Circuit's decision was vacated and remanded by the Supreme Court on December 20, 2017. 138 S. Ct. 443 (2017).

[7] *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM, 2014 WL 1665290, at *7 (E.D. Cal.

3:17-cv-00013-SLG, *SOA, et al. v. Zinke, et al.*
Order re Motion to Supplement
Page 3 of 4

State has not offered such evidence here.  Rather, it asserts that the supplementation is warranted as it will better explain the reason for the *State* agency's determination.  But the reasons why the Board of Game took the actions it took is not before this Court on review.  Rather, this Court is only reviewing the federal agencies' actions based on the federal administrative records that each agency had.

Furthermore, the State had the opportunity to provide these materials to Federal Defendants during the comment periods for the challenged rules, and did not do so.  It cannot seek to add these materials now.

For these reasons, the State's Motion to Supplement Administrative Records, at Docket 110, is DENIED.[8]  Pursuant to this Court's order at Docket 127, the parties shall file a proposed schedule or schedules for summary judgment briefing within 14 days of the date of this order.

DATED this 23rd day of February, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

Apr. 24, 2014).

[8] The Federal Defendants' response indicates that the Fish and Wildlife Service is willing to supplement that agency's record with transcripts of certain Board of Game meetings; however, it appears that the State objects to this proposal.  *See* Docket 113 at 3 n.1; Docket 119 at 4.  This order is not intended to preclude the parties from reaching a stipulation regarding supplementation.

3:17-cv-00013-SLG, *SOA, et al. v. Zinke, et al.*
Order re Motion to Supplement
Page 4 of 4