# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT DE LA VEGA, in his official capacity as acting Secretary of the U.S. Department of the Interior, *et al.*,<br><br>    Federal Defendants,<br><br>and<br><br>ALASKA WILDLIFE ALLIANCE, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:17-cv-00013-SLG<br><br>CONSOLIDATED |
| SAFARI CLUB INTERNATIONAL,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT DE LA VEGA, in his official capacity as acting Secretary of the U.S. Department of the Interior, *et al.*,<br><br>    Federal Defendants,<br><br>and<br><br>ALASKA WILDLIFE ALLIANCE, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:17-cv-00014-SLG |

## ORDER RE RULE 54(b) DETERMINATION

On November 16, 2020, the Court entered a judgment in these two consolidated cases.[1] Federal Rule of Civil Procedure 54(b) authorizes a court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." The Court's judgment did not contain any reference to Rule 54(b). As discussed below, the Court finds that a Rule 54(b) determination is warranted.

As a preliminary matter, the Court notes that the filing of a notice of appeal divests a district court of jurisdiction to consider any issue that is the subject of the appeal.[2] Plaintiff Safari Club International filed a notice of appeal on January 8, 2021.[3] Plaintiff State of Alaska filed a notice of appeal on January 12, 2021.[4] Federal Defendants filed a notice of appeal on January 15, 2021.[5] However, a district court retains jurisdiction to make a Rule 54(b) determination after an appeal is filed, so long as the issue of the sufficiency of a prior Rule 54(b) determination has not already been raised before the Ninth Circuit.[6] Because of the potential confusion the entry of a partial judgment without a Rule 54(b) certification could

---

[1] Case No. 3:17-cv-00013-SLG at Docket 220; Case No 3:17-cv-00014-SLG at Docket 69.

[2] *Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003).

[3] Docket 223 (Case No. 3:17-cv-00013-SLG).

[4] Docket 225 (Case No. 3:17-cv-00013-SLG).

[5] Docket 228 (Case No. 3:17-cv-00013-SLG).

[6] *Norton*, 325 F.3d at 1168.

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014, *Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 2 of 8
Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 2 of 8

cause at the appellate level,[7] the Court elects to exercise that jurisdiction and enter this order.[8]

These consolidated cases raise challenges to two distinct sets of hunting regulations. The Court's November 2020 order addressed Plaintiffs' legal challenges with respect to the "Kenai Rule," which are certain hunting regulations adopted by the U.S. Fish and Wildlife Service ("FWS") for the Kenai National Wildlife Refuge.[9] The order and resultant judgment fully resolved all claims related to the Kenai Rule. Still unresolved, and in fact still in the briefing stage, are Plaintiffs' claims with respect to an entirely different set of regulations promulgated by the National Park Service ("NPS") regarding certain hunting and fishing regulations in Alaska, the "NPS Rule."[10]

Before issuing a Rule 54(b) certification, a "district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate

---

[7] *See Rollins v. Mortg. Elec. Registration Sys., Inc.*, 737 F.3d 1250, 1254 (9th Cir. 2013) ("It may be that, by entering judgment, the [multi-district litigation] court intended for the judgment to be appealable, but without a Rule 54(b) certification, we cannot be certain."); *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 889 (9th Cir. 2003) ("[P]ermitting jurisdiction without a clear indication of finality [pursuant to a Rule 54(b) determination] would confuse the parties and the public, possibly leading to premature or untimely appeals.").

[8] If the Court is incorrect and in fact it does not have jurisdiction to enter a Rule 54(b) certification at this juncture, the Court intends that this order put the parties on notice of its intent if the case is remanded for such a determination. Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1. The Court recognizes that no party has sought a Rule 54(b) certification from this Court.

[9] 81 Fed. Reg. 27030 (May 5, 2016) (codified at 50 C.F.R. § 36.39).

[10] 80 Fed. Reg. 64325 (Oct. 23, 2015) (codified at 36 C.F.R. § 13).

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014*, Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 3 of 8

Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 3 of 8

disposition of an individual claim entered in the course of a multiple claims action.'"[11]  A district court must also "determine whether there is any just reason for delay."[12]  "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal.  This discretion is to be exercised in the interest of sound judicial administration . . . .  [C]onsideration of judicial administrative interests is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals."[13]

Here, the November 2020 judgment is final and resolved all claims related to the Kenai Rule and the Kenai National Wildlife Refuge.  The Court also determines that "there is no just reason for delay" in entering judgment as to those claims, because the remaining claims in this action are distinct, both factually and legally, from the Kenai Rule claims, such that a Rule 54(d) determination as to the Kenai Rule claims is consistent with sound judicial administration.

The remaining claims not resolved in the Court's order at Docket 219 challenge the NPS Rule.[14]  After a June 2020 amendment, the remaining portions

---

[11] *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)).

[12] *Id.*

[13] *Id.* (internal quotations omitted) (citing *Curtiss–Wright Corp.*, 446 U.S. at 8).

[14] 80 Fed. Reg. 64325 (Oct. 23, 2015) (codified at 36 C.F.R. § 13).

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014, *Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 4 of 8
Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 4 of 8

of the NPS Rule include regulations on the taking of wildlife in national preserves in Alaska[15]; regulations on subsistence fishing, hunting, and trapping[16]; and changes to procedures for closing National Park System areas to certain activities, including taking fish and wildlife.[17] According to Plaintiffs, these changes "liberalize the process for closure procedures for National Preserves . . . in a way that deprives Alaska's hunters of proper notice of and recourse when the NPS . . . intend[s] to close some or all federal lands to hunting."[18]

Although Plaintiffs have alleged that both rules violate the Alaska National Interest Lands Conservation Act ("ANILCA"), different provisions of that act apply to each rule.[19] Plaintiffs' challenges to the Kenai Rule focused on Title III of ANILCA, which applies to wildlife refuges.[20] In contrast, Titles II, VIII, and XIII of ANILCA apply to national preserves.[21] Plaintiffs also alleged the Kenai Rule violated the National Wildlife Refuge System Improvement Act, which does not

---

[15] 36 C.F.R. § 13.42.

[16] 36 C.F.R. §§ 13.470, 13.480, 13.490.

[17] 36 C.F.R. § 13.50.

[18] Docket 59 at 4, ¶ 3(f) (Safari Club International's Amended Complaint) (Case No. 3:17-cv-00013-SLG).

[19] Pub. L. No. 96-487, 94 Stat. 2371 (1980) (codified at 16 U.S.C. § 3101 *et. seq.*).

[20] ANILCA §§ 304(a); 303(4)(B); 16 U.S.C. § 668dd (note).

[21] ANILCA §§ 203, 816, 1313; 16 U.S.C. §§ 410hh-2, 3126, 3201.

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014*, Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 5 of 8
Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 5 of 8

apply to national preserves.[22]  Briefing on the NPS Rule has not been filed, so it is not clear yet exactly what the bases of Plaintiffs' challenges to the NPS Rule will be.  But it is clear that Plaintiffs' challenges to each agency's statutory authority to promulgate the Kenai Rule and the NPS Rule arise from distinct provisions of law.

Additionally, unlike the "routine employment discrimination" claims at issue in *Wood v. GCC Bend, LLC,*[23] Plaintiffs' challenges to each rule arise from distinct facts.  The challenges involve separate rules, each of which has had its own rulemaking process, comment period, and administrative record.  The rules apply to different geographical regions and were promulgated by different federal agencies.  Plaintiffs also challenge separate NEPA analyses on different bases; FWS determined that the Kenai Rule constituted a categorical exclusion, whereas NPS prepared an environmental assessment for the NPS Rule and issued a finding of no significant impact.[24]  Because Plaintiffs' challenges to the Kenai Rule and the NPS Rule are plainly based on separate underlying facts, a Rule 54(b)

---

[22] Docket 60 at 37–38, ¶¶ 136–41 (State of Alaska's Amended Complaint) (Case No. 3:17-cv-00013-SLG); 16 U.S.C. § 668dd–ee.

[23] 422 F.3d at 880 ("First, as Wood herself acknowledges, this case would inevitably come back to this court on the same set of facts.").

[24] NPS prepared an environmental assessment pursuant to 40 C.F.R. § 1501.3 (as effective prior to Sept. 13, 2020).  *See Wildlife Harvest on National Park System Preserves in Alaska: Environmental Assessment September 2014* (available at https://parkplanning.nps.gov/document.cfm?parkID=1&projectID=49062&documentID=61261 (last accessed Feb. 4, 2021).

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014*, Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 6 of 8
Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 6 of 8

determination as to the Kenai Rule is appropriate at this time, as "no appellate court would have to decide the same issues more than once."[25]

The Court's determination is reflected by the fact that after multiple stays pending proposed rulemaking, Plaintiffs requested a briefing schedule that separated the challenges to the Kenai Rule and the NPS Rule, explaining that

> [b]ecause the FWS Kenai Rule and the NPS Rule were adopted by different agencies within the Department of the Interior on separate administrative records, Plaintiffs submit that there is no reason that briefing regarding judicial review challenges to those rules needs to be filed on the same schedule, and indeed, prior scheduling orders (DE 83 and 104) have provided for separate briefing of challenges to the FWS Kenai Rule and the NPS Rule, albeit on the same schedule.[26]

As a result, the Court decided the Kenai Rule challenge in November 2020, while the State of Alaska's opening brief on its claims challenging the NPS Rule is not due until February 8, 2021.[27]

In light of the foregoing, the Court expressly determines that there is no just reason for delay as to the judgment entered regarding the Kenai Rule on

---

[25] *Wood,* 422 F. 3d at 878 n.2; *see also Curtiss–Wright Corp.*, 446 U.S. at 8 ("Consideration of [judicial administrative interests] is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956))).

[26] Docket 157-1 at 5 (Case No. 3:17-cv-00013-SLG).

[27] Docket 222 (Case No. 3:17-cv-00013-SLG).

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014*, Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 7 of 8
Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 7 of 8

November 16, 2020.[28]  The Clerk of Court is directed to issue an amended judgment that includes this express determination.

IT IS SO ORDERED.

DATED this 5th day of February, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[28] Case No. 3:17-cv-00013-SLG at Docket 220; Case No 3:17-cv-00014-SLG at Docket 69.

Case Nos. 3:17-cv-00013-SLG, *SOA v. Bernhardt, et al.*; 3:17-cv-00014*, Safari Club International v. Bernhardt, et al.*
Order re Rule 54(b) Certification
Page 8 of 8
Case 3:17-cv-00013-SLG   Document 234   Filed 02/05/21   Page 8 of 8